KLYTIA CORP. *v.* UNITED STATES

No. 4404.—Invoices dated Levallois, France, July 12, 1929, etc.

Entered at New York July 26, 1929, etc.
Entry No. 719177, etc.

(Decided on remand [Reap. Dec. 4142] October 3, 1938)

Carl W. Stern (*Harry M. Farrell* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*John F. Kavanagh, Samuel D. Spector*, and *Dorothy C. Bennett*, special attorneys), for the defendant.

McCLELLAND, Presiding Judge: These are appeals to reappraisement covering perfumeries imported from France between the months of July 1929 and July 1930. When they came on to be heard before me originally Government counsel moved to dismiss the appeals on the ground that the plaintiff, a corporation created under the laws of the State of New York, had been dissolved, and that no one was authorized to institute or carry on these proceedings. No authority in opposition thereto being cited, the motion was granted, and the appeals dismissed. An application for review was filed within the statutory time allowed therefor and in the argument in support of said application counsel for the plaintiff cited section 29 of the General Corporation Law of the State of New York, as amended by L. 1932, Ch. 552, in effect March 31, 1932, and following the close of such argument the Second Division of this court reversed my judgment and remanded the appeals to me for consideration on the merits.

The evidence submitted in support of the appeals on the original trial before me consists of an affidavit of one M. Font, executed in France on August 13, 1929, and another affidavit by one A. Raimon, verified in the city of New York on the 29th day of August 1931. In support of the appraised values there was submitted by counsel for the Government a report of J. Homer Butler, assistant customs attaché located in Paris, France, bearing date December 26, 1929.

From an examination of a catalog attached to the affidavit of M. Font, and of a duplicate copy thereof attached to the assistant customs attaché's report, there seems to be no question but what merchandise of the class under consideration was at the time of exportation of the merchandise involved sold in France at wholesale on the basis of the retail prices thereof less certain discounts. In the Font affidavit it is stated—

That the products have been sold and are being sold on basis of the white catalog prices hereto attached, duly signed by me, and that these prices are subject to a discount of 60 per centum including all *special discounts, commissions and per-*

*centages granted at the end of the year;* that the prices indicated in these price lists are the same as those marked on the labels attached to all the products, and are the sales prices which must be charged to the customers * * *. [Italics added.]

Mr. Raimon states in his affidavit—

* * * in the year 1929 he was in France and purchased the perfumery and toilet products from the Institut de Beaute, which were shipped to him in case I. B. 1000/47, at the prices stated on the invoice less 60 percent.

That from his long experience in dealing with perfumery and toilet products in France in wholesale quantities he knows of his own knowledge that the prices he paid for the perfumery and toilet preparations shipped in the aforesaid case I. B. 1000/47 were the usual wholesale prices for such merchandise in France in July 1929, and that in France said prices were subject to a discount of 60 percent.

It should be noted that the appraised values equalled the prices stated in the catalog referred to less 40 per centum.

Of course the burden rested on the appellant to prove not only that the appraiser's findings of value were erroneously made, but in addition that its own values equalled the foreign-market value of such merchandise as that value is defined in section 402 (b) of the Tariff Act of 1922, or section 402 (c) of the Tariff Act of 1930, as the case may be.

The statements from the two affidavits quoted above I deem to be too general in character upon which to base a finding that foreign-market value for any of the involved merchandise on any of the dates of exportation had been established thereby. Further, it is to be noted that according to the affidavit of M. Font the 60 per centum discount contended for by the plaintiff includes "percentages granted at the end of the year," presumably based upon the quantity of goods purchased during the course of the year. In *S. Stern* v. *United States,* Reap. Dec. 678, this division of the court held that such percentages, or discounts, are not allowable as deductions from the foreign-market value of imported merchandise.

It therefore appears that the plaintiff has not met either part of the dual burden placed upon it of proving that the appraiser's findings of value were incorrect and that the values contended for equalled the foreign market value of the merchandise as that value is defined in section 402 of the Tariff Acts of 1922 and 1930.

It is necessary to add that I am of the opinion that the report of the assistant customs attaché, standing alone, would be insufficient upon which to base a finding of foreign-market value as that value is defined in section 402 of the tariff acts, *supra,* of the involved merchandise for the reason that, so far as the item of discounts is concerned the report specifically covers only the period from December 2 to December 4, 1929. None of the shipments involved was made during that time, and, as has been hereinbefore stated, the importa-

tions in issue were made during the period from July 1929 to July 1930. Manifestly, therefore, the report is incompetent as evidence upon which a finding of value might be based, although, in the absence of other evidence, it may be said to tend to support the values found by the appraiser.

All but two of the entries covered by the reappraisement appeals before me were made during the life of the Tariff Act of 1922. While there was no statutory presumption under that act in favor of the correctness of the appraiser's findings, nevertheless there is no substantial evidence before me to prove that the findings made by the appraiser as to the merchandise in issue under that act were erroneous. Under these circumstances I must dismiss the appeals taken from such findings, and judgment will issue accordingly. *United States* v. *Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 398, T. D. 43120, and *United States* v. *Woolworth Co. et al.*, 22 C. C. P. A. 184, T. D. 47126, cited.

As to reappraisements 99407–A and 99408–A, the entries in which cases were made after the passage of the Tariff Act of 1930, which, in section 501 thereof, contains the following provision:

The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise.

I find that the foreign-market value, as that value is defined in section 402 (c) of that act, is the proper basis upon which the value of the merchandise involved should be determined, and that such value, in each instance, equalled the appraised value.

Judgment will issue accordingly.